UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| EDWARD D. RODGERS, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-CV-76 RLW |
| ) | |
| DR. CHRISTOPHER MONTGOMERY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Edward Rodgers brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights against Dr. Christopher Montgomery.  The matter is now before the Court on Plaintiff's motion for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs.  ECF No. 4.  Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $3.58.  *See* 28 U.S.C. § 1915(b)(1).  As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915.  Based on such review, the Court will dismiss Plaintiff's official capacity claim against Dr. Montgomery but will order the Clerk of Court to issue process or cause process to be issued on Plaintiff's individual capacity claim against Dr. Montgomery.  Because there is no constitutional right to appointment of counsel in civil cases and it would be premature to grant appointment at this stage in the proceeding, the Court will deny Plaintiff's motion for counsel, subject to refiling at a later date.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial

partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a Missouri state prisoner, currently detained at Farmington Correctional Center. ECF No. 1.  In support of his motion to proceed without prepaying fees and costs, Plaintiff submitted an inmate account statement showing average monthly deposits of $17.92.  ECF No. 3. The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $3.58, which is twenty percent of Plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim

for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint and Supplement

Although Plaintiff is currently confined at Farmington Correctional Center, the allegations of his complaint pertain to a period of detention at the Butler County Jail, from approximately December 2020 until November 2022.[1]  ECF No. 1 at 2-3.  During this period, Plaintiff alleges that Dr. Christopher Montgomery – the healthcare provider at Butler County Jail – violated his civil rights under 42 U.S.C. § 1983. *Id.* at 1-3.  Plaintiff asserts his claims against Dr. Montgomery in both his individual and official capacities. *Id.* at 2.

According to Plaintiff, Dr. Montgomery denied him treatment and medication for his thyroid condition – hypothyroidism – during his period of confinement at Butler County Jail. *Id.*

---

[1]Based on a review of court records on Missouri Case.net, the State of Missouri's online docketing system, Plaintiff was denied bond in November 2020 in Butler County Circuit Court, after being charged with five counts, including unlawful possession of a firearm. *State v. Rodgers*, No. 20 BT-CR02131 (36th Jud. Cir.) (filed Nov. 16, 2020).  In September 2022, Plaintiff was found guilty by a jury on a single count of unlawful possession.  He was detained at the Butler County Jail until after his November 8, 2022, sentencing.

at 3-4.  Plaintiff states that he was first diagnosed with this condition in 2011 and that he took thyroid medication for many years to treat it.  *Id.* at 4.  In December 2020, Plaintiff informed Dr. Montgomery of this medical condition and Dr. Montgomery did blood work to check Plaintiff's thyroid levels.  *Id.* at 3.  Based on the test results, Dr. Montgomery informed Plaintiff that his levels were "normal" and that he no longer needed to take medication for his condition.

Over his confinement period at Butler County Jail, Plaintiff states that he asked Dr. Montgomery multiple times to recheck his thyroid levels but Dr. Montgomery refused.  *Id.*  According to Plaintiff, prior to confinement, he commonly had his levels checked every three months due to his condition, but Dr. Montgomery would not do further testing.  *Id.* at 4.  Plaintiff states that he was very ill several times during his confinement at the Jail, and he experienced problems swallowing multiple times due to a swollen neck.  *Id.* at 3.

Plaintiff was eventually transferred to the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri.  *Id.*  Once there, a doctor checked his thyroid levels and found them to be "very high[ly] elevated" above normal levels.[2]  That doctor put Plaintiff back on a thyroid medication Plaintiff had previously taken, at a double dose.  Plaintiff was subsequently transferred to his current place of confinement – Farmington Correctional Center.  After having his thyroid levels checked again, his dosage of thyroid medication was raised further.  He also had an ultrasound on his neck to check for thyroid cancer.  As of the time of complaint filing (dated April 27, 2023), Plaintiff states that his thyroid levels are still not under control but that he is "now receiving proper health care."  *Id.* at 3, 7, 10.

---

[2] In his complaint, Plaintiff states that his thyroid level was "971" whereas "232" is normal.  ECF No. 1 at 3.  Plaintiff later filed a Supplement to the complaint in which he states: "I don't believe I was exactly correct on my test number levels.  So I need to amend 'correct' these level numbers."  ECF No. 5 at 1.  Plaintiff attached medical lab reports, which appear to provide thyroid levels ("TSH" and "Thyroxine (T4)") dated "8/26/2014," "2/01/2023," "2/28/2023," "4/06/2023," and "4/11/2023."  *Id.* at 2-6.

Plaintiff alleges that Dr. Montgomery's lack of treatment of his thyroid condition caused his thyroid levels to reach unsafe and potentially deadly levels. *Id.* at 3. Furthermore, he alleges the lack of treatment could increase his chance of thyroid cancer in the future. *Id.* at 5. For relief, Plaintiff seeks eight million dollars in compensatory damages and additional punitive damages. *Id.*

## Discussion

Plaintiff labels his claim as "medical malpractice" and/or "medical nelangce," the latter presumably meaning medical negligence. ECF Nos. 1 at 5, 1-1 at 1. Because Plaintiff is proceeding *pro se*, the Court has an obligation to liberally construe the allegations of his complaint. *See Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (explaining that a "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework). In this case, Plaintiff appears to be alleging a claim of deliberately indifferent medical care against defendant Dr. Montgomery. For the reasons discussed below, Plaintiff's official capacity claim against Dr. Montgomery will be dismissed under 28 U.S.C. § 1915(e)(2)(B). The Court finds that Plaintiff's individual capacity claim against Dr. Montgomery is sufficient for purposes of initial review, however. The Court will direct that process issue on that claim.

### I. Individual Capacity Claim: Eighth Amendment Deliberate Indifference

To prevail on an Eighth Amendment claim of deliberate indifference,[3] a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually

---

[3]Plaintiff identifies himself as a convicted and sentenced prisoner on his complaint. ECF No. 1 at 2. However, it appears that Plaintiff may have been a pretrial detainee at the time of allegations of the complaint. The Fourteenth Amendment's Due Process Clause is used to evaluate pretrial detainees' claims of deliberate indifference, whereas the Eighth Amendment is used to evaluate claims of convicted prisoners. *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). Regardless, this distinction "makes little difference as a practical matter," because the same standard is applied. *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) ("Pretrial detainees are entitled

knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). An inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014).

Here, Plaintiff was previously diagnosed with and treated for a thyroid condition he identifies as hypothyroidism. He informed Dr. Montgomery of his medical condition at the beginning of his confinement. Although Dr. Montgomery initially tested Plaintiff's thyroid levels, he refused to do further testing during Plaintiff's almost two-year period of confinement, despite Plaintiff's complaints of a swollen neck and problems swallowing. According to Plaintiff, it is common practice to treat his medical condition with regular testing of his thyroid levels, and this is how his condition was monitored by health care professionals before his confinement at the Jail. But when Plaintiff requested such testing from Dr. Montgomery, he was refused.

Plaintiff has identified an objectively serious medical need – the thyroid condition of hypothyroidism. *See Dyer v. Farley*, 9 F.3d 114 (8th Cir. 1993) (discussing a thyroid condition as a serious medical need in the context of a deliberate indifference claim). Plaintiff has sufficiently alleged that Dr. Montgomery knew of this condition and refused to provide essential care. Based on the allegations of the complaint, the Court finds that Plaintiff has sufficiently stated a claim of deliberately indifferent medical care against Dr. Montgomery, in his individual capacity, to withstand initial review.

## II.     Official Capacity Claim: Municipal Liability

Plaintiff also brings suit against Dr. Montgomery in his official capacity. However, an official capacity claim against an individual is actually "against the governmental entity itself."

---

to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment.")

*White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017).  Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).  *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").  In order to prevail on an official capacity claim, a plaintiff must establish the governmental entity's liability for the alleged conduct.  *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016)

Plaintiff asserts that defendant Dr. Christopher Montgomery is an employee of the Butler County Jail.  As such, Plaintiff's official capacity claim against Dr. Montgomery is actually a claim against his employer, Butler County.  A local governing body, such as Butler County, can be sued directly under § 1983.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).  Liability may attach for Butler County if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise."  *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

Here, Plaintiff has not alleged that Dr. Montgomery's actions resulted from any Butler County unconstitutional policy, custom, or deliberately indifferent failure to train or supervise.  Plaintiff does not present any evidence of a particular Butler County policy which caused him harm.  There is no assertion of a pattern of unconditional misconduct constituting a municipal custom.  Indeed, there is no mention whatsoever of any policy or custom anywhere in the complaint's allegations.  Finally, Plaintiff alleges no facts establishing that Butler County had notice of any inadequate training or supervision, or regarding a pattern of similar constitutional violations by other Butler County employees.  Therefore, Plaintiff fails to state a municipal liability

claim against Butler County. For this reason, Plaintiff's official capacity claim against Dr. Montgomery fail to state a claim for relief and must be dismissed under 28 U.S.C. § 1915(e)(2). *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### Appointment of Counsel

Plaintiff has also filed a motion for appointment of counsel. ECF No. 2. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law. Further, the request for counsel is premature, as the defendant has not yet been served, and the Court has not issued any Case Management Order. The Court concludes that the appointment

of counsel would not be of sufficient benefit to the Court or to Plaintiff at this time, and will deny Plaintiff's motion for appointment of counsel, without prejudice.

## Conclusion

As the Supreme Court explained in *DeShaney v. Winnebago County Department of Social Services*, "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being" including providing "for his basic human needs – e.g., food, clothing, shelter, medical care, and reasonable safety." 489 U.S. 189, 199-200 (1989).  Plaintiff asserts that Dr. Montgomery was aware of his medical diagnosis and history, yet he did nothing to monitor his thyroid problems and provide basic medical care and treatment for his condition.  The Court must accept these facts as true and make all reasonable inferences in favor of the Plaintiff.  *Jones v. Douglas Cnty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019).  Plaintiff's allegations against Dr. Christopher Montgomery, in his individual capacity, are sufficient to survive initial review of his claim of deliberately indifferent medical care.

Plaintiff's motion to proceed *in forma pauperis* will be granted.  The Clerk of Court will be directed to issue summons or cause summons to issue against Dr. Christopher Montgomery in his individual capacity, on Plaintiff's claim of deliberately indifferent medical care.  Plaintiff's claim against Dr. Montgomery in his official capacity will be dismissed for failure to state a claim upon which relief may be granted, under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 4] is **GRANTED.**  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $3.58 within **thirty (30) days** of the date of this Order.  Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint upon defendant Dr. Christopher Montgomery, in his individual capacity, as to Plaintiff's claim of deliberately indifferent medical care.  Defendant shall be personally served by issuance of summons and service by the U.S. Marshals Service at the Butler County Jail, 200 Phillip Kearbey Blvd., Poplar Bluff, Missouri 63901.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **not** issue process or cause process to issue upon the complaint as to defendant Dr. Christopher Montgomery in his official capacity, because the complaint in this respect fails to state a claim upon which relief can be granted.  Plaintiff's official capacity claim against defendant Dr. Christopher Montgomery is **DISMISSED without prejudice**.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FINALLY ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED without prejudice**.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 26th day of July, 2023.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**