## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| EDWARD D. RODGERS, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-CV-76 RLW |
| | ) | |
| CHRISTOPHER MONTGOMERY, | ) | |
| | ) | |
| Defendant, | ) | |

### MEMORANDUM AND ORDER

On August 22, 2023, the Court directed the issuance of summons upon Plaintiff's complaint to defendant Dr. Christopher Montgomery, in his individual capacity only, as to Plaintiff's claim of deliberately indifferent medical care under 42 U.S.C. § 1983. ECF No. 6-8. After multiple attempts at service, defendant Dr. Montgomery was successfully served by the U.S. Marshals Service. ECF Nos. 9-13. In response, Dr. Montgomery filed a motion to dismiss. ECF Nos. 14-15. Since the filing of defendant's motion, Plaintiff has filed a second motion for appointment of counsel. ECF No. 16. He also filed a document that states he "OBJECT[S]" to the motion to dismiss, again requests the appointment of counsel, and seeks "Extensions on [his] behalf on filing any and all Affidavits or Motions." ECF No. 18 at 1 & 4. For the reasons discussed below, the Court will deny Plaintiff's second motion for counsel and will set a deadline for any response to the motion to dismiss that Plaintiff would like to file.

### Background

When the Court issued summons in this matter on July 26, 2023, it also denied Plaintiff's first motion for appointment of counsel, without prejudice, at that time. *See* ECF No. 6 at 8-9. In that denial, the Court discussed how there is no constitutional or statutory right to appointed

counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). As such, appointment of counsel in a civil matter lies within the discretion of the Court and involves the consideration of several relevant criteria. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). The Court examined these relevant criteria, finding that this action appears to involve straightforward questions of fact rather than complex questions of law. Also, the Court found that the request for counsel was premature, as the defendant had not been served and a Case Management Order had not been issued. Plaintiff now requests appointment of counsel again, stating that he does not "know any time lines or deadlines to file any Affidavits" and that he "never studied law." ECF No. 18 at 1.

The only change in this case from the Court's earlier denial of counsel is that defendant Dr. Montgomery has now been served and he has filed a responsive motion. Defendant's motion to dismiss argues that Plaintiff failed to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA") before he filed this suit in federal court.[1] ECF Nos. 14-15.

### Discussion

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is

---

[1] Defendant's motion to dismiss alternatively seeks to dismiss "any state law claim(s) that Plaintiff arguably could have asserted in his Complaint." ECF No. 14 at 1. Specifically, Defendant requests dismissal of any "potential state law claim(s)" for failure to state a claim because Plaintiff "failed to timely file an appropriate affidavit pursuant to § 538.225 RSMo." *Id.* at 2. The cited Missouri statute requires an affidavit by a health care provider certifying the merits of a tort case based on improper health care, when a medical malpractice case is brought for damages in state court. Mo. Rev. Stat. § 538.225.

Plaintiff does not need to address the defendant's alternative argument for dismissal in his response to defendant's motion to dismiss. The Court will only rule on issues that are properly before it. Plaintiff brought this action under a federal statute, 42 U.S.C. § 1983. The Court will not decide on the merits of claims that could *potentially* be brought by Plaintiff. As such, it will not address state law claims that have not been brought by Plaintiff. If such claims are brought at a later date, arguments for dismissal of such claims would be considered at that time.

mandatory for all suits about prison life and it is a prerequisite to bringing a federal suit. *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). However, a prisoner is not required to plead and demonstrate exhaustion in the complaint. *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). Exhaustion is an affirmative defense, and failure to exhaust must be proved by the defendants. *Id.*

In this case, Defendant argues that Plaintiff admits on the face of his Complaint that he failed to exhaust administrative remedies when he answered "no" to both questions: "Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?" and "[D]id you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?" *See* ECF No. 1 at 6. Further, in response to the question concerning whether there is a reason why a grievance was not filed, Plaintiff stated: "I found out my Thyroidism was outta control after I left the Butler Co. Jail. I wasn't there in Butler Co Jail to file the grievance." *Id.* at 7.

Where a grievance process is available, a prisoner satisfies the PLRA's exhaustion requirement when he pursues "the prison grievance process to its final stage." *See Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015) (internal citation omitted). In response to Defendant's motion to dismiss, Plaintiff needs to explain what he did to exhaust his administrative remedies, once he learned that his thyroid level "was very high[ly] elevated." ECF No. 1 at 3. If Plaintiff did not pursue relief through any jail's grievance process, he should explain why he did not.

The Court finds that appointment of counsel is not warranted at this time because Plaintiff's response to Defendant's motion to dismiss involves questions of fact. In addition, the Court finds that it is still premature to grant such appointment at this stage in the litigation. *See Phillips*, 437 F.3d at 794. As such, the Court will deny Plaintiff's second motion for appointment of counsel, without prejudice.

If Plaintiff seeks to avoid dismissal of his case, he must respond in writing as to what he did or did not do to exhaust his claim of deliberately indifferent medical care before he filed suit in this Court.  If Plaintiff has grievance documents concerning the exhaustion of his claim, he should consider including those documents with his filing.  Because Plaintiff has expressed confusion about Court deadlines, the Court will set a date certain for when his response to the defendant's motion to dismiss is due to be filed with the Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's second Motion for Appointment of Counsel [ECF No. 16] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to respond to Defendant's Motion to Dismiss [ECF No. 14], Plaintiff's response must be filed with the Court by **Monday, November 6, 2023**.

**Plaintiff's failure to timely comply with this Order may result in the dismissal of this action, without prejudice and without further notice.**

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 10th day of October, 2023.

4