UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| EDWARD D. RODGERS, II, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:23-cv-76 SNLJ |
| CHRISTOPHER MONTGOMERY, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on seven motions filed by self-represented Plaintiff Edward Rodgers, II.  ECF Nos. 23, 26-27, 31-32, & 34-35.  Three of these motions are seeking appointment of counsel.  ECF Nos. 23, 27, & 35.  Four of these motions pertain to discovery requests.  ECF Nos. 26, 31, & 34.  And the final motion is in response to an issue that is not before the Court.  ECF No. 32.  For the reasons discussed below, all of these motions will be denied.

**Motions for Appointment of Counsel (ECF Nos. 23, 27, & 35)**

Plaintiff has filed three motions for appointment of counsel.  ECF Nos. 23, 27,[1] & 35.  In one of the motions, Plaintiff states that he has been unable to obtain certain medical documents.  *See* ECF No. 35 at 2.  However, the Court notes that discovery has not yet begun in this matter, so it would be premature for Defendant to produce medical documents at this time.

The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court.  *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  There is no constitutional or statutory right to appointed counsel in civil cases.  *Nelson v. Redfield*

---

[1] On the second page of Plaintiff's "Motion for Subpeana Order," he added a side "NOTE" which asks for the Court to appoint an attorney for Plaintiff.  *See* ECF Nos. 26 & 27 at 2.  Hence, the Clerk's Office docketed this motion once as a motion related to discovery (ECF No. 26) and a second time as a motion for appointment of counsel (ECF No. 27).

*Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law. Further, the request for counsel is premature, as the Court has not yet ruled Defendant's motion to dismiss or issued any Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to Plaintiff at this time, and will deny Plaintiff's motions for appointment of counsel, without prejudice.

**Motions Related to Discovery (ECF Nos. 26, 31, & 34)**

Plaintiff has also filed three motions related to discovery in this matter. First, in his "Motion for Subpeana Order under the Sunshine Law," as pertains to this case,[2] Plaintiff seeks medical files, audio records, and "footage" of his medical visits with Defendant Dr. Christopher Montgomery over a two-year period. ECF No. 26 at 1. Plaintiff states that he needs these records to comply with court orders and "to produce a full disclosure of evidence." *Id.* at 2. Second, in

---

[2] Plaintiff filed many of his motions in both this case and another case he has pending before the Court, *Rodgers v. Butler Cnty. Sheriff Dep't*, No. 1:23-cv-77-SNLJ (E.D. Mo.).

his "Request to Admit and to Produce Discovery and Disclosure," Plaintiff asks the Court if he can admit into evidence certain discovery motions. ECF No. 31. Defendant Montgomery filed a response to this motion, stating that Plaintiff is attempting to conduct discovery directly through Court filings, in violation of the Federal Rules of Civil Procedure and Local Rule 3.02(A). ECF No. 33. Defendant asks the Court to deny Plaintiff's motion and "strike any future attempts by Plaintiff to file discovery-related documents that are not associated with a legitimate motion or otherwise filed pursuant to this Court's Order." *Id.* at 2. Third, in Plaintiff's "Request for Notice to take Deposition(s)," he requests the Court permission to depose the Defendant. ECF No. 34.

Plaintiff's attempt to engage in discovery at this stage of the litigation is premature. As Defendant's motion to dismiss is still pending and no Case Management Order has been entered by the Court to establish discovery deadlines, it is too early to be issuing subpoenas, deposing parties, or allowing any discovery. *See Potter v. Echele*, No. 4:18-CV-148 CDP, 2018 WL 3861357, at *3 (E.D. Mo. Aug. 14, 2018) ("discovery in prisoner cases may not take place until Court enters a case management order") (citing E.D. Mo. L.R. 5.01, 5.04). Any requests for subpoenas, the production of documents, or the deposition of parties must be made within the confines of the Case Management Order. Plaintiff's motions related to discovery will all be denied without prejudice.

Furthermore, Plaintiff is reminded that he should not be filing discovery with the Court. Local Rule 3.02(A) states that "in civil actions, discovery and disclosure materials … shall not be filed with the Court except as exhibits to a motion or memorandum." E.D. Mo. L.R. 3.02(A). Plaintiff should refer to Federal Rule of Civil Procedure 26 for more information on general provisions governing discovery in federal court. Plaintiff is reminded that even self-represented litigants are obligated to abide by these Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

If Plaintiff files more discovery with the Court which does not comply with the Rules, the Clerk of Court will be directed to return it to him.

### Objection and Motion to Respond (ECF No. 32)

Finally, self-represented Plaintiff filed a motion titled "Objection and Motion to Respond," in which he states that he objects to Defendant Montgomery's motion for Plaintiff to pay Defendant's attorney's fees. ECF No. 32. Because there is no pending motion for Plaintiff to pay Defendant's attorney's fees in this case, this motion will be denied.

### Conclusion

Defendant Montgomery has filed a motion to dismiss that is still pending before the Court. The Court has taken this motion under advisement and it will be ruled by separate Order. Given this pending motion and the fact that no Case Management Order – which establishes the time frame for discovery in a case – has been issued, it is premature for Plaintiff to be attempting to conduct discovery in this matter. In addition, there is no constitutional right to appointment of counsel in civil cases and it would be premature to grant appointment at this early stage in the proceeding. As such, Plaintiff discovery and appointment of counsel motions will all be denied without prejudice. Finally, Plaintiff's motion opposing the payment of Defendant's attorney's fees – an issue that is not before the Court – will be denied as well.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions for appointment of counsel [ECF Nos. 23, 27, & 35] are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for subpoena order [ECF No. 26] is **DENIED without prejudice** as premature.

**IT IS FURTHER ORDERED** that Plaintiff's motion to admit evidence [ECF No. 31] is **DENIED without prejudice** as premature.

**IT IS FURTHER ORDERED** that Plaintiff's motion to take deposition [ECF No. 34] is **DENIED without prejudice** as premature.

**IT IS FURTHER ORDERED** that Plaintiff's motion to respond [ECF No. 32] is **DENIED**.

**Plaintiff is warned that he should not file discovery documents with the Court unless the filing complies with Local and Federal Rules.  The Clerk of Court will be directed to return documents to Plaintiff that do not comply.**

Dated this 6th day of March, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE