UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| EDWARD D. RODGERS, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-76-SNLJ |
| | ) |
| CHRISTOPHER MONTGOMERY, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant Dr. Christopher Montgomery's motion to dismiss. ECF No. 14. Dr. Montgomery argues that Plaintiff's complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies. Self-represented Plaintiff has filed responses to the motion and Dr. Montgomery has filed a reply. ECF Nos. 18 & 20-22. The matter is now fully briefed for the Court's review. For the reasons stated below, the motion will be granted and this case will be dismissed.

### Background

Self-represented Plaintiff Edward Rodgers brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights against Dr. Christopher Montgomery. *See* ECF No. 1. Although Plaintiff is currently confined at Farmington Correctional Center, the allegations of his complaint pertain to a period of detention at the Butler County Jail, during which defendant Dr. Montgomery provided healthcare to inmates. *Id.* at 1-3. Plaintiff alleges that Dr. Montgomery denied him treatment and medications for his thyroid condition – hypothyroidism – from approximately December 2020 until November 2022. *Id.* at 2.

On July 26, 2023, the Court issued an Order dismissing Plaintiff's official capacity claim against Dr. Montgomery under 28 U.S.C. § 1915(e)(2)(B). *See* ECF No. 6. However, the Court

directed that process issue against Dr. Montgomery in his individual capacity, on Plaintiff's Eighth Amendment deliberately indifferent medical care claim. *Id.*

## Motion to Dismiss

### I. Arguments of the Parties

Now before the Court is defendant Dr. Montgomery's motion to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 14. Dr. Montgomery argues that Plaintiff failed to comply with the Prison Litigation Reform Act's ("PLRA") exhaustion requirement which states that "[n]o action shall be brought with respect to prison conditions under section 1983 … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In the 'Exhaustion of Administrative Remedies' section of his complaint, Plaintiff states that he did not "file a grievance about the events described in [his] complaint" at either Butler County Jail or "any other jail, prison, or other correctional facility." ECF No. 1 at 6. Plaintiff explains that he did not file a grievance at Butler County Jail because he did not find out that his "thyroidism was outta control [until] after [he] left the Butler Co. Jail." *Id.* at 7. Based on these statements on the face of the complaint, Dr. Montgomery argues that dismissal is mandatory because Plaintiff had not exhausted his administrative remedies by the time he filed this civil action. ECF No. 15 at 5.

Alternatively, Dr. Montgomery asks the Court to "dismiss any hypothetical state law claim(s) that Plaintiff arguably could have asserted in his Complaint." *Id.* at 2. According to Dr. Montgomery, "any potential state law claim(s) would be subject to Chapter 538 of the Missouri statutes," which requires a timely filed affidavit. Because Plaintiff has not filed such affidavit, Dr. Montgomery asserts that all possible, hypothetical claims would require dismissal. *Id.*

Plaintiff opposes dismissal, arguing that he was "DENIED the grievance process in the Butler County Justice Center" and that once he was transferred to Bonne Terre and learned about his elevated thyroid levels, he "was never informed" nor was he "aware that [he] could file a grievance from one institution against another institution." ECF No. 20 at 1 (emphasis in original); *see also* ECF No. 22.

In reply, Dr. Montgomery argues that Plaintiff's excuses for failing to exhaust – including a lack of knowledge about the institutional grievance process and his transfer to a different facility – are not valid legal excuses for not complying with the PLRA. ECF No. 21 at 3-5. Furthermore, Dr. Montgomery contends that Plaintiff's opposition motion stating that he was "denied" the grievance process, without any factual support for such an assertion, is not enough to avoid dismissal of this matter. *Id.* at 5-6.

**II.      Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. To survive a motion to dismiss for failure to state a claim, a plaintiff's complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) (quoting *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (internal quotations and citation omitted).

**Discussion**

As discussed above, pursuant to the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory for all suits about prison life and it is a prerequisite to bringing a federal suit. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). This is true regardless of the relief offered by administrative procedures. *Booth v. Churner*, 532 U.S. 731, 741 (2001). "An inmate satisfies § 1997e(a) by pursuing 'the prison grievance process to its final stage' to 'an adverse decision on the merits.'" *Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015) (quoting *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014)).

Exhaustion, however, is an affirmative defense under the PLRA, and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Furthermore, an inmate is "excused from exhausting remedies when officials have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures." *Porter v. Sturm*, 781 F.3d 448, 452 (8th Cir. 2015).

The Eighth Circuit has recognized that an inmate must exhaust administrative remedies before filing suit and has instructed that district courts look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). If a prisoner has not exhausted his administrative remedies at the time he files his civil action, dismissal is mandatory. *Id.*

The PLRA's exhaustion requirement applies to all inmate suits about prison life, including allegations of violations of the Eighth Amendment like Plaintiff asserts here. *See Nussle*, 534 U.S. at 525-32. In this case, Plaintiff admits on the face of his complaint that he did not exhaust

4

administrative remedies before filing this suit.  *See* ECF No. 1 at 6 (checking the box for "No" in response to both questions: "Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?" and "If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?").  Plaintiff attempts to explain this failure to exhaust by stating that he did not know about his medical problems until after leaving the Butler County Jail and when asked who he informed once learning about the problem, he states: "I'm now informing of this claim." *Id.* at 7.  Based on these sworn statements by Plaintiff, it seems clear that he did not exhaust administrative remedies before filing this suit.

Furthermore, in response to the motion to dismiss, Plaintiff states that he was "denied" the grievance process at the Butler County Jail.  *See* ECF Nos. 20 & 22.  However, this statement read in conjunction with Plaintiff's statement on his complaint that he did not know about his medical problems until he had left Butler County Jail, makes any alleged denial of the grievance process at Butler County Jail irrelevant here.  If Plaintiff did not learn about his medical problems until after transferring facilities, he should have filed a grievance as soon as he knew.  Plaintiff's lack of knowledge concerning the fact that he could have filed a grievance at a different facility, does not excuse his lack of exhaustion.  Furthermore, Plaintiff's conclusory statement that he was "denied" the grievance process, without any factual assertions in support of this statement, is not enough "to raise a right to relief above the speculative level." *Torti*, 868 F.3d at 671.

Finally, Plaintiff does not allege that the grievance process was unavailable to him.  Alleging that he was "denied" the grievance process at a location where he admits he did not try to file a grievance on this claim, does not constitute a claim of unavailability.  Plaintiff does not allege that there are no available remedies, nor does he allege that any prison official's action or omission prevented him from using the grievance procedure.  *See Ross v. Blake*, 578 U.S. 632, 644

5

(2016) (exhaustion is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.").

Although "inmates are not required to specially plead or demonstrate exhaustion in their complaints," a court may dismiss a complaint for failure to exhaust administrative remedies if it is plain on the face of the complaint that a grievance procedure is unexhausted. *See Jones*, 549 U.S. at 215-16.  In this case, Plaintiff admits to not having filed a grievance on his claim before filing suit, and his later unsupported assertion that he was "denied" the grievance process, is not enough to avoid dismissal.  Dismissal is mandatory here.  *See Johnson*, 340 F.3d at 627.

### Conclusion

Plaintiff was required to exhaust administrative remedies before initiating this action, and the fact he did not do so mandates dismissal.  For all of the reasons discussed herein, defendant Dr. Montgomery's motion to dismiss will be granted and this case will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Dr. Christopher Montgomery's Motion to Dismiss [ECF No. 14] is **GRANTED**.  A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Object to Defendant's Motion for Sanctions [ECF No. 38] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 20th day of March, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE